```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
WILLIAM BUSSEY,

                    Petitioner,
                                        MEMORANDUM & ORDER
        -against-                       13-CV-3630(JS)

CHRISTOPHER DEVANE, ESQ., and
KATHLEEN RICE,

                    Respondents.
----------------------------------X
APPEARANCES
For Plaintiff:      William Bussey, pro se
                    13002146
                    Nassau County Correctional Center
                    100 Carman Avenue
                    East Meadow, New York 11501

For Defendants:     No Appearance
```

SEYBERT, District Judge:

On June 20, 2013, pro se petitioner William Bussey ("Petitioner") filed a petition for a writ of habeas corpus ("Petition") pursuant to 28 U.S.C. § 2245 seeking to challenge his on-going criminal actions pending in the Nassau County District Court under criminal docket numbers 2011NA013056 and 2011NA013057. Petitioner also has submitted an application to proceed in forma pauperis (the "Motion"). Upon review of the declaration in support of the Motion, the Court determines that Petitioner's financial status qualifies him to commence this action without prepayment of the filing fee. See 28 U.S.C. § 1915(a)(1). Therefore, Petitioner's Motion to proceed in forma pauperis is GRANTED for the limited purpose of this Order. However, because at the time Petitioner filed his Petition he was a pre-trial detainee, the

Petition is sua sponte DISMISSED WITHOUT PREJUDICE as it is premature and unexhausted.

Petitioner was arrested and arraigned on June 20, 2011 and was charged with several misdemeanor counts of possession and sale of marijuana. (Pet. ¶ 1.) The gravamen of Petitioner's claim is that his right to a speedy trial has been violated given that over two years have lapsed since his arraignment. (Id.)

However, according to the case information maintained by the New York State Unified Court System, Petitioner was released on his own recognizance on August 22, 2011, and then failed to appear in court on June 11, 2012.[1] Petitioner's failure to appear resulted in the issuance of a warrant for his arrest, and Petitioner was later arrested on March 20, 2013 after having been out of jail for the preceding seventeen months.[2] Petitioner neglects to mention these facts. Petitioner pled guilty on August 1, 2013, and was released on his own recognizance.[3] Sentencing is currently scheduled for December 13, 2013.[4] For the reasons that follow, the Petition is DISMISSED WITHOUT PREJUDICE.

---

[1] See New York State Unified Court System, WebCrims, Case Details -Appearances, available at https://iapps.courts.state.ny.us/webcrim attorney/Login (last visited October 9, 2013).

[2] Id.

[3] Id.

[4] Id.

DISCUSSION

"A federal court only has jurisdiction to hear a petition filed pursuant to title 28 U.S.C. section 2254 where the petitioner is 'in custody pursuant to the judgment of a State court.'" Henry v. Davis, No. 10-CV-5172, 2011 WL 319935, at *1 (E.D.N.Y. Jan. 26, 2011) (quoting 28 U.S.C. § 2254(a) ("[A] district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.")). Furthermore, a district court may not grant the writ "unless the petitioner has first exhausted the remedies available in the state court or shows that 'there is an absence of available state corrective process; or circumstances exist that render such process ineffective to protect the rights of the applicant.'" Id. at *1 (quoting 28 U.S.C. §§ 2254(b)(1)(A), 2254(b)(1)(B)(i)-(ii)). A federal claim is properly exhausted where it has been presented to the highest state court. Id. at *1 (citing Picard v. Connor, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971); Daye v. Attorney Gen. of New York, 696 F.2d 186, 190-91 (2d Cir. 1982)).

In the instant matter, at the time the Petition was filed Petitioner had not yet been convicted or sentenced, and thus was not in custody pursuant to the judgment of a state court. Although the Court has learned that Petitioner has since pled guilty and is

3

awaiting sentencing, the Petition is not ready for this Court's review. Petitioner does not allege to have appealed his constitutional claim to the highest state court having jurisdiction, nor could he given that his guilty plea was entered <u>after</u> he filed the instant Petition. Given that Petitioner has not yet exhausted his state court remedies, a necessity prior to the filing of a petition under § 2254, the Petition is DISMISSED WITHOUT PREJUDICE.[5] <u>See</u> 28 U.S.C. § 2254; <u>Henry</u>, 2011 WL 319935, at *1-2 (citing <u>Haynes v. Fiorella</u>, No. 10-CV-0843, 2010 WL 4365832, at *1 (W.D.N.Y. Nov. 3, 2010) (dismissing without prejudice petitioner's § 2254 petition where there was no indication that petitioner had been convicted or had exhausted her state court remedies)); <u>see</u> <u>also</u> <u>Lynch v. DeMarco</u>, 11-CV-4708, 2011 WL 6097737, at *2 (E.D.N.Y. Dec. 1, 2011) (<u>sua sponte</u> dismissing unexhausted § 2254 petition); Rules Governing Section 2254 Cases in the United States District Courts R.4 ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").

## CONCLUSION

For the reasons set forth above, the Petition for a writ of habeas corpus is <u>sua sponte</u> DISMISSED WITHOUT PREJUDICE as it is

---

[5] Though in limited circumstances a pre-conviction petition may be brought pursuant to 28 U.S.C. § 2241, such circumstances are not alleged here.

4

both premature and unexhausted.  A certificate of appealability shall not issue as Petitioner has not made a substantial showing of the denial of a constitutional right.  See 28 U.S.C. § 2253(c)(2).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore, in forma pauperis status is DENIED for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is directed to mail a copy of this Memorandum and Order to Petitioner and to CLOSE the case.

SO ORDERED.

/s/ JOANNA SEYBERT
Dated: October   16  , 2013        Joanna Seybert, U.S.D.J.
       Central Islip, New York